IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | | |
|---|---|---|---|
| MICHAEL WAYNE BECKNER, | ) | | |
| | ) | | |
| Plaintiff, | ) | Case No. 7:13-cv-00530 | |
| | ) | | |
| v. | ) | | |
| | ) | By: | Hon. Michael F. Urbanski |
| TREAD CORPORATION, | ) | | United States District Judge |
| | ) | | |
| Defendant. | ) | | |

**MEMORANDUM OPINION**

This matter is before the court on defendant Tread Corporation's bill of costs (Dkt. # 45). Plaintiff Michael Wayne Beckner filed a brief in opposition to the bill of costs, arguing that he is unable to pay and that this case involved close and difficult issues. For the reasons that follow, the court will **AWARD** Tread costs in the amount of $1,940.98.

**I.**

Rule 54 of the Federal Rules of Civil Procedure permits a prevailing party to recover costs other than attorney's fees "[u]nless a federal statute, these rules, or a court order provides otherwise." Fed. R. Civ. P. 54(d)(1). This rule "creates a presumption that costs are to be awarded to the prevailing party." Cherry v. Champion Int'l Corp., 186 F.3d 442, 446 (4th Cir. 1999) (citations omitted). However, a non-prevailing party may "show circumstances sufficient to overcome" this presumption. Ellis v. Grant Thornton LLP, 434 F. App'x 232, 235 (4th Cir. 2011) (citing Teague v. Bakker, 35 F.3d 978, 996 (4th Cir. 1994)). Factors that justify denying an award of costs include: "(1) misconduct by the prevailing party; (2) the unsuccessful party's inability to pay the costs; (3) the excessiveness of the costs in a particular case; (4) the limited value of the prevailing party's victory; or (5) the closeness and difficulty of the issues decided." Id. (citing Cherry, 186 F.3d at 446). A

1

district court must "articulate some good reason" for a denial of costs. Cherry, 186 F.3d at 446 (internal citations omitted).

## II.

In this case, there is no suggestion of any misconduct on the part of Tread, nor has Beckner raised any issue as to the excessiveness of Tread's claimed costs or the limited value of Tread's victory in this case. Rather, Beckner focuses his argument on the second and fifth factors to be considered—his inability to pay and the closeness and difficulty of the issues decided. In support of his claimed inability to pay, Beckner provided the court with a sworn declaration from his counsel, stating Beckner hired counsel under a contingent fee arrangement because he could not afford a retainer, that Beckner still owes costs incurred by counsel in bringing this lawsuit, that Beckner is currently employed as a plumber but "suffers debts from multiple sources," and that Beckner has an inability to pay the costs demanded by Tread. See Beckner Opp. Br., Dkt. # 48-1. On March 23, 2015, the court entered an Order giving Beckner fourteen days to provide additional evidence concerning his financial resources or any hardship an award of costs might impose, noting the court did not have sufficient evidence before it to evaluate this factor. In response, Beckner's counsel filed a letter stating that, in spite of his efforts, he was unable to procure additional evidence as to his client's financial resources. See Beckner Resp., Dkt. # 50.

Counsel's assertion that Beckner is unable to pay Tread's costs, without any evidence—or even a sworn statement from Beckner himself—to support that assertion, is insufficient to overcome the presumption that Tread is entitled to its costs incurred in defending this action. "[M]ere allegations of hardship are insufficient" to justify denying an award of costs, Arthur v. Pet Dairy, No. 6:11-cv-00042, 2013 WL 6228732, at *2 (W.D. Va. Dec. 2., 2013), and Beckner has advanced no evidence to indicate that an award of costs would result in extreme hardship to him. In fact, counsel's declaration states that Beckner is currently employed, which suggests that he does

2

have a means to pay an award of costs. Thus, this factor does not justify the unusual step of denying costs to the prevailing party.

With respect to the fifth factor, Beckner argues this case involved close and difficult issues, pointing to the fact that the court's opinion appeared in the Virginia Lawyers Weekly's list of "Important Opinions of 2014." This does not warrant deviation from the general rule that Tread is entitled to its costs. "A case's closeness 'is judged not by whether one party clearly prevails over another, but by the refinement of perception required to recognize, sift through and organize relevant evidence, and by the difficultly of discerning the law of the case.'" Va. Panel Corp. v. MAC Panel Co., 203 F.R.D. 236, 237 (W.D. Va. 2001) (quoting White & White, Inc. v. Am. Hosp. Supply Corp., 786 F.2d 728 (6th Cir. 1986)). This employment case did not present difficult legal issues. Rather, Beckner was simply unable to present evidence sufficient to survive Tread's motion for summary judgment. The fact that the court's opinion was deemed an "Important Opinion of 2014" by a legal publication is not a sufficient basis to overcome the presumption in favor of awarding costs. Cf. Ellis v. Grant Thornton LLP, 434 F. App'x 232, 235 (4th Cir. 2011) (finding no abuse of discretion in district court's refusal to award costs, as issues were "close and difficult" where "[the] case was hotly contested at trial and in the previous appeal," and there was "sufficient evidence . . . to allow the district court to carefully evaluate [Plaintiff's] financial condition and assess his ability to pay the award of costs.").

## III.

In sum, the court finds no good reason to depart from the normal practice of awarding costs pursuant to Rule 54(d). Accordingly, the court will **AWARD** costs of $1,940.98 to Tread.

3

An appropriate Order will be entered.

Entered: April 9, 2015

*/s/ Michael F. Urbanski*

Michael F. Urbanski
United States District Judge